# EXHIBIT 3

Ayesha N. Khan
Richard B. Katskee
Sara J. Rose
(motions for admission *pro hac vice* pending)
Heather L. Weaver (motion for admission to the Bar of this court pending)
AMERICANS UNITED FOR SEPARATION OF
     CHURCH AND STATE
518 C St., NE
Washington, DC  20002
Tel:     (202) 466-3234
Fax:     (202) 466-2587
*akhan@au.org / katskee@au.org / rose@au.org / weaver@au.org*

Maurice A. Leiter (Bar No. 123732)
John Danos (Bar No. 210964)
ARNOLD & PORTER LLP
777 S. Figueroa St., 44th Floor
Los Angeles, CA  90017
Tel:     (213) 243-4040
Fax:     (213) 243-4199
*Maury_Leiter@aporter.com / John_Danos@aporter.com*

Attorneys for Plaintiffs
HURST et al.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

KENNETH HURST, JOAN BALCOME, ) NO. _____
KIRK ROGER TINGBLAD, PHILIP JONES- )
THOMAS, BARRY S. GOLDBERG, SOPHIE )
GOLDBERG, JEANNIE PARENT, KEN and ) **DECLARATION OF**
JODY VALMASSY, and ANN and RICHARD ) **AYESHA N. KHAN**
HOWARD, )
                                          ) DATE:
             *Plaintiffs,* ) TIME:
                                            ) COURT:
       v. )
                                            )
STEVE NEWMAN, individually and in his )
official capacity as a member of the El Tejon )
Unified School District Board of Trustees; )
PAULA REGAN, individually and in her )
official capacity as a member of the El Tejon )
Unified School District Board of Trustees; )
STACEY GUSTAFSON, individually and in )
her official capacity as a member of the El )
Tejon Unified School District Board of )
Trustees; KITTY JO NELSON, individually )
and in her official capacity as a member of the )
El Tejon Unified School District Board of )
Trustees; PHYLLIS THROCKMORTON, )
individually and in her official capacity as a )
member of the El Tejon Unified School District )
Board of Trustees; JOHN WIGHT, individually )

Decl. of Khan Supp. Pls.' Mot. for TRO

and in his official capacity as superintendent of ) the El Tejon Unified School District; DAN ) PENNER, individually and in his official ) capacity as principal of Frazier Mountain High ) School; and SHARON LEMBURG, ) individually and in her official capacity as a ) teacher at Frazier Mountain High School, )

                      *Defendants.* )

## DECLARATION OF AYESHA KHAN, ESQ.

I, Ayesha Khan, hereby declare under penalty of perjury as follows:

1.      On January 4, 2006, I sent a letter, on behalf of Americans United for Separation of Church and State ("Americans United"), to the defendants. The letter explained that the "Design of Philosophy" course taught at Frazier Mountain High School is unconstitutional and asked that it be cancelled. The letter is attached hereto as <u>Attachment A</u>.

2.      On January 6, 2006, Americans United received a written response from John Wight, superintendent of the El Tejon Unified School District, stating that the District intends to proceed with the class. The letter is attached hereto as <u>Attachment B</u>.

3.      On January 9, 2006, I left a voicemail message for Dwaine Chambers, who is identified on the "schools legal" website as representing the El Tejon Unified School District, seeking a return call in order to inform him that we would filing a Complaint and Motion for a Temporary Restraining Order.

4.      At 6:30 pm EST today, I spoke with Pete Carton, who returned the message left for Dwaine Chambers. He said he was the Senior Counsel for Schools Legal and that he would be representing the defendants in this action. I informed Mr. Carton that we had filed a Complaint, and would shortly be filing a Motion for a temporary restraining order seeking to enjoin the ongoing Philosophy of Design elective at Frazier Mountain High School. He said that he was familiar with the matter.

Decl. of Khan Supp. Pls.' Mot. for TRO

2

5.      I informed Mr. Carton that I wished to send him copies of the document by email, and he provided me with two email addresses (sls@kern.org and pecarton@kern.org).  I have now provided Mr. Carton, by sending to these two emails addresses, copies of all of the documents filed by the Plaintiffs thus far, to include the Complaint and Motion for Temporary Restraining Order and supporting Memorandum and Exhibits.  I believe that the telephone call, together with provision through electronic means of all of the pertinent documents, constitutes adequate notice as set forth in L.R. 65-231(a).

5.      Mr. Carton informed me that both Superintendent Wight and the School Board President are currently out-of-state and will return to California later this week.  He further informed me that the School Board has a regularly scheduled meeting this Friday, January 13, 2006, and that the Superintendent and Board President will be back in town for the meeting.  Mr. Carton stated that he was certain that the Board members would accept service of the Complaint and any other documents at the Friday meeting. He explained that it was unlikely that the Board would agree at that meeting to discontinue the course because of the administrative burdens that this would entail.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Ayesha Khan
Ayesha Khan, Esq.

Date:    January 10, 2006

Decl. of Khan Supp. Pls.' Mot. for TRO

3

# ATTACHMENT A



**AMERICANS
UNITED**
*for Separation of
Church and State*

518 C Street, N.E.

Washington, D.C. 20002

(202) 466-3234 phone

(202) 466-2587 fax

americansunited@au.org

www.au.org

VIA FACSIMILE AND U.S. MAIL

January 4, 2006

John Wight, Superintendent
Stacey Gustafson, Trustee
Kitty Jo Nelson, Trustee
Steve Newman, Trustee
Paula Regan, Trustee
Phyllis Throckmorton, Trustee
El Tejon Unified School District
P.O. Box 876
Lebec, CA 93243-876
Fax: (661) 248-6714

Dan Penner, Principal
Frazier Mountain High School
700 Falcon Way
P.O. Box 876
Lebec, CA 93243
Fax: (661) 248-0403

> **Re: "Philosophy of Design" Course at Frazier Mountain High School**

Dear Superintendent Wight, Trustees, and Principal Penner:

We understand that on January 1st the Board of Trustees approved an elective course titled "Philosophy of Design" to be offered during intercession at Frazier Mountain High School. The course curriculum and materials make plain that the course runs afoul of the Establishment Clause of the First Amendment to the U.S. Constitution. We have been retained by a parent whose children attend Frazier Mountain High and are writing to ask that you immediately discontinue the course.

The case law consistently – and repeatedly – holds that creationism or its progeny ("creation science,""intelligent design," etc.) cannot be taught in the public schools. In *Epperson v. Arkansas*, 393 U.S. 97 (1968), the Supreme Court struck down a state statute prohibiting the teaching of evolution in public schools. The Court explained that "the First Amendment does not permit the State to require that teaching and learning must be tailored to the principles or prohibitions of any religious sect or dogma." *Id.* at 106. Subsequently, in *Edwards v. Aguillard*, 482 U.S. 578 (1987), the Supreme Court invalidated a state statute requiring the "balanced treatment" of evolution and "creation science" in the public schools. The Court declared the law unconstitutional because its "preeminent purpose . . . was clearly to advance the religious viewpoint that a supernatural being created humankind." *Id.* at 591.

*Your voice in the battle to preserve religious liberty*

Other courts have similarly struck down public schools' attempts to teach thinly disguised religious theories regarding the origins of life. *See Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 522 (9th Cir. 1994) (holding that a science teacher was properly forbidden from teaching nonevolutionary views of creation); *Webster v. New Lenox Sch. Dist. No. 122*, 917 F.2d 1004, 1008 (7th Cir. 1990) (stating that, by forbidding teaching of creation science in social-studies class, a school "successfully navigated the narrow channel between impairing intellectual inquiry and propagating a religious creed"); *Daniel v. Waters*, 515 F.2d 485, 491 (6th Cir. 1975) (striking down statute that required schools teaching evolution to devote equal time to other theories, including Biblical account of creation); *McLean v. Arkansas Bd. of Educ.*, 529 F. Supp. 1255, 1258-64 (E.D. Ark. 1982) (holding that teaching creation science in public schools is unconstitutional because it advances religion); *cf. Freiler v. Tangipahoa Parish Bd. of Educ.*, 185 F.3d 337, 348 (5th Cir. 1999) (striking down a disclaimer stating that evolution was merely a theory), *cert. denied*, 530 U.S. 1251 (2000); *Selman v. Cobb County School Dist.*, 390 F. Supp. 2d 1286 (N.D. Ga. 2005) (same).

These legal principles were recently reaffirmed in *Kitzmiller v. Dover Area School Dist.*, No. 04-cv-2688, 2005 WL 3465563 (M.D. Pa. December 20, 2005), in which the court struck down a school board's decision to introduce "intelligent design" into the science curriculum. After reviewing the extensive evidence submitted during a six-week trial, the judge concluded that "ID is nothing less than the progeny of creationism." *Id.* at *12. The court thus held that teaching intelligent design – even alongside evolution – is tantamount to advancing religion. *Id.* at *53.

Simply put, these decisions bar public schools from seeking to debunk evolution for religious ends or from teaching (or giving "equal time" to) religious theories on the origins of life. Frazier Mountain's "Philosophy of Design" course does both. It is clear, and we believe the evidence would show, that Ms. Lemburg's purpose in teaching the course is to undermine evolution and to promote a religious perspective in its stead. It is equally clear that a reasonable observer would understand this to be the effect of the course.

- The original course description – which was distributed to students and their families on December 1st and has never been revised – describes the course as follows:

> The class will take a close look at evolution as a theory and will discuss the scientific, biological, and Biblical aspects that suggest why Darwin's philosophy is not rock solid. . . .   Physical and chemical evidence will be presented suggesting the earth is thousands of years old, not billions.

- Ms. Lemburg's biases are further reflected in the questions the Syllabus poses with respect to intelligent design, namely "Why is it gaining momentum?" and "Why is it so threatening to society?"  The revised Syllabus, dated December 29, 2005, modifies these questions but does not remove the bias that they reflect.

- The original Syllabus for the class listed 24 videos for potential use in the course. All (or virtually all) are produced or distributed by religious organizations and assume a pro-creationist, anti-evolution stance.

2

- In the revised Syllabus, dated December 29, 2005, Ms. Lemburg has added a PBS video series on evolution, but she has otherwise retained the overwhelming reliance on videos that advocate intelligent design and seek to disprove evolution. One of the videos that appears on both lists, "Chemicals to Living Cells: Fantasy or Science" is produced by Answers in Genesis, a self-described Christian ministry "that seeks to share the truths of God's Word from the very first verse." About Answers in Genesis, http://www.answersingenesis.org/getstarted.aspx (last visited Jan. 4, 2006).

- The Syllabus states that "Equal time will be given to each idea or philosophy" and that "Equal and balanced instruction will be given on all philosophies." But, as the court in *Kitzmiller* recently found, evolution is not a "philosophy" that stands on equal footing with "Intelligent Design" and "Creationism"; suggesting that it is a "philosophy" misrepresents science to further a plainly religious agenda.

That the "Philosophy of Design" course is denominated a philosophy course, rather than a science course, is of no moment, as the Constitution bars governmental endorsement of religion in *any* context. Thus, in *Webster*, the Seventh Circuit held that the Establishment Clause obligated a school district to prohibit a teacher from injecting creationist views into a discussion of the age of the earth in a *social studies* class. *Webster*, 917 F.2d at 1006. The court reached this conclusion even though the teacher contended that he was merely encouraging students to explore alternative viewpoints. *See id.* That is, the operative inquiry is not the label that is assigned to the class, but the subject matter that the course covers.

We recognize that the Bible "is worthy of study for its literary and historic qualities." *School Dist. of Abington v. Murray*, 374 U.S. 203, 225 (1963). Such study of the Bible or other religious documents and ideas, however, must be "presented objectively as part of a secular program of education." *Id.* Thus, while public schools may teach students about the Bible, they must do so from a pedagogically critical perspective and without reliance on materials that advocate a religious viewpoint. *See, e.g., Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) (striking down Bible class presenting Bible as truth); *Hall v. Bd. of Sch. Comm'rs*, 656 F.2d 999 (5th Cir. 1981) (striking down Bible-study class employing course materials written from Christian perspective); *Herdahl v. Pontotoc County Sch. Dist.*, 933 F. Supp. 582 (N.D. Miss. 1996) (striking down Bible-study course that was intended to impart Christian religious doctrine, that employed specific version of Bible, and that endorsed biblical point of view); *Doe v. Human*, 725 F. Supp. 1503 (W.D. Ark. 1989) (striking down Bible-study course that used texts depicting biblical events as fact and failed to offer critical perspective), *aff'd mem.*, 923 F.2d 857 (8th Cir. 1990); *Wiley v. Franklin*, 468 F. Supp. 133 (E.D. Tenn. 1979) (striking down Bible-study course that failed to include biblical criticism and did not provide diversity of biblical interpretations).

Here, Ms. Lemburg intends to rely heavily on advocacy videos that seek to cast doubt on evolutionary theory and to "convert" students to intelligent design. To make matters worse, because she herself has no scientific training, and she has been unable to find any speakers "in support of evolution," no one will be available to provide students with a critical understanding of the concepts

3

presented in the videos. Under these circumstances, it is simply untenable to claim that the course will be taught from a secular, objective perspective.

Accordingly, in order to avoid legal action, we ask that you immediately discontinue the "Philosophy of Design" course and that you let us know of your intentions by the close of business tomorrow (January 5th).

Sincerely,

Ayesha Khan, Esq.
Legal Director

cc:     Dwaine Chambers
        P.O. Box 2445
        Bakersfield, CA  93303
        Fax:  (661) 636-4843

4

# ATTACHMENT B



## El Tejon Unified School District

**John W. Wight**
District Superintendent

**BOARD OF TRUSTEES**
Stacey Gustafson
Kitty Jo Nelson
Steve Newman
Paula Regan
Phyllis Throckmorton

January 6, 2006

**VIA CERTIFIED MAIL and FACSIMILE**

Ayesha Kahn, Esq.
Americans United for Separation of Church and State
518 C Street, N.E.
Washington D.C. 20002

RE:   January 4, 2006 Letter Received Via Facsimile

Dear Ms. Kahn:

Thank you for your letter.   I have just returned from a conference and we are out of regular session until January 23, but I did want to respond to you at this time.  From your letter it seems clear that you may have been misinformed as to the content of Ms. Lemburg's "Philosophy of Design" elective intersession course, which began this week and ends on Friday, January 20.

We enclose for your reference a copy of the syllabus prepared by Ms.Lemburg.  You should note that in approving this course, our governing board has not approved teaching the tenets of any religion, creed or intelligent design.    Enclosed for your review is the revised syllabus.

We do not understand your demand that the course be cancelled.  After reading your letter, our legal advisors have pointed out that they are unaware of any court or California statute which has forbidden public schools to explore cultural phenomena, including history, religion or creation myths.

As Superintendent I am responsible for monitoring classroom instruction, including those elective courses offered in our winter intersession program.  Please be assured that I will continue to do so, and will promptly intervene if anyone should stray into teaching or advocating the tenets of any religion or creed, including intelligent design.

Respectfully submitted,

*John W. Wight*

DISTRICT SUPERINTENDENT

Enclosure
cc: Governing Board

---

P.O. Box 876 • Lebec, California 93243 • (661) 248-6247 • (661) 322-1348 • (661) 248-6714 Fax
e-mail: district@mail.el-tejon.k12.ca.us

December 29, 2005

## Syllabus for Philosophy of Design
Teacher: Sharon Lemburg

**Class Title:** "Philosophy of Design"
Ideas, beliefs, and theories about the origin of life.

**Objective:**
Philosophy is a class about ideas and theories. It is about beliefs. It is addressing `the question, what do you think and why. It is about a search for wisdom and truth. This class will discuss various views on the origin of life, in order to gain a better and broader understanding of the views that are held by society. This class is not meant to guide you into a certain belief, but to allow you to search, become aware of the differences, and gain a better understanding of world views on origins.

**Outline of Course Topics:** Each heading gives a general idea of the topics that will be discussed either by lecture, video, internet, or guest speaker.

1. What is Philosophy?
   - How does philosophy influence individual lives?
   - What disciplines does philosophy cross over into or influence?
   - How does philosophy affect religious beliefs or science?

2. What is the Theory of Evolution/ Darwinism?
   - What is the history of evolutionary theory?
   - What is evolution and how does it work?
   - What is the evidence for evolution?
   - What are the misconceptions?

3. What is Intelligent Design/ Creationism?
   - Why is this a movement and why is it gaining momentum?
   - Why is it so threatening to society, the educational system, and evolutionists?
   - Is Intelligent Design based on science or faith?
   - What evidence does it bring, and is the evidence measurable data?
   - How does Intelligent Design differ from Creationism? And how is it simular?

4. Philosophies concerning Origins?
   - A summary of ideas.
   - How does the Philosophy of Intelligent Design differ from the Theory of Evolution? Are these ideas concerning origins philosophies or are they science?
   - How does this debate concerning philosophies affect society? How does it affect you, the student?